IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WARDRICK, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>H.J. MARBERRY, Warden, )<br>FCI McKean, )<br>)<br>Defendant. ) | Civil Action No. 06-216 Erie |

## MEMORANDUM ORDER

Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983, was received by the Clerk of Court on September 20, 2006 and was referred to Chief United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The chief magistrate judge's report and recommendation, filed on September 26, 2007 [26], construes Plaintiff's § 1983 claim as alleging a violation of Plaintiff's Eighth Amendment rights based on the Defendant's alleged deliberate indifference to Plaintiff's serious medical needs. She recommends that the Defendants' motion to dismiss or, in the alternative, motion for summary judgment [20] be granted on the grounds that Plaintiff has not administratively exhausted his § 1983 claim as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a) ("[N]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." For individuals, like Plaintiff, who are subject to the Federal Bureau of Prison's grievance system, the requirements for exhaustion under the PLRA are set forth in 28 C.F.R. §§ 542.10 – 542.19 (2006). Based on the undisputed evidence of record, Judge Baxter found that, while Plaintiff has attempted to exhaust his administrative remedies with regard to his § 1983 claim, he never fully consummated his final appeal to the General Counsel's office and, furthermore, is now time-barred from doing so. Judge Baxter therefore concluded that Plaintiff has

procedurally defaulted his § 1983 claim and that this case should be dismissed.

The parties were allowed ten (10) days from the date of service to file objections. Service was made on Plaintiff by certified mail at the United States Penitentiary at Beaumont, Texas, where he is incarcerated, and on the Defendant. Plaintiff's objections to the report and recommendation [27] were filed on October 17, 2007.

In his objections, Plaintiff has submitted correspondence from the Northeast Regional Office of the Federal Bureau of Prisons, dated August 24, 2006, indicating that Plaintiff's Administrative Tort Claim No. TRT-NER-2006-02295 was being denied and advising Plaintiff to file suit in U.S. District Court within six months if he was dissatisfied with the decision. (*See* Plaintiff's Objections to Report and Recommendation [27] at p. 5 of 8.) This evidence is not sufficient to overcome the Defendants' motion for dismissal of the case at bar. To begin, Plaintiff's submission does not demonstrate that he consummated his final appeal to the Office of General Counsel as is required under the PLRA for civil rights actions brought pursuant to 42 U.S.C. § 1983. *See* 28 C.F.R. §§ 542.15(a) and 542.18 (2006). More fundamentally, Plaintiff's submission indicates that he may have successfully exhausted his administrative remedies for a tort claim, which is subject to its own unique exhaustion requirements as set forth in 28 C.F.R. Part 543, subpart C. *See* 28 C.F.R. § 542.10(c) (noting that tort claims are subject to their own set of statutorily-mandated procedures). However, Plaintiff has not pleaded a tort claim in this civil action; rather, he has pleaded a civil rights claim under 42 U.S.C. § 1983.

Accordingly, after de novo review of the complaint and documents in the case, together with the report and recommendation and Plaintiff's objections thereto, the following order is entered:

AND NOW, this 20th Day of November, 2007;

IT IS HEREBY ORDERED that the Defendants' Motion To Dismiss, Or In The Alternative, Motion For Summary Judgment [20] be, and hereby is, GRANTED.

The report and recommendation of Chief Magistrate Judge Baxter, dated September 26, 2007 [26], is adopted as the opinion of this Court.

                                                  s/ <u>SEAN J. McLAUGHLIN</u>
                                                    Sean J. McLaughlin
                                                    United States District Judge

cc:    all parties of record
        Chief U.S. Magistrate Judge Baxter